UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CAUSE NO. SA-13-CR-907 FB |
| § | |
| RYAN BRADLEY PITTS § | |

**DEFENDANT'S SENTENCING MEMORANDUM
AND MOTION FOR DOWNARD VARIANCE OR DEPARTURE**

TO THE HONORABLE FRED BIERY, CHIEF UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS:

Defendant Ryan Bradley Pitts implores this Honorable Court to impose a sentence of 30 years. A sentence longer than 360 months would be greater than necessary under 18 U.S.C. §3553(a) and a violation of the Eight Amendment ban on cruel and unusual punishment.

I.  *A sentence in excess of 360 months would be greater than necessary in light of 18 U.S.C. §3553(a) factors.*

Thirty years is the appropriate sentence for Ryan Pitts. 18 U.S.C. § 3553(a) requires that any sentence imposed be no greater than necessary in order to accomplish the goals of sentencing. Sentencing courts must consider the nature and circumstances of the offense as well as the history and characteristics of the defendant. Pitts' offense is serious and his actions were awful, and he should be severely punished. Thirty years is a severe sentence, especially when taking all factors of his offenses and his life into account.

The court has the ability to depart downward based on a defendant's history of abuse and other factors. *United States v. McBride*, 511 F.3d 1293 (11th Cir. 2007)(affirming downward variance to 84-months for child pornography offense based in part on childhood abuse); *United*

*States v. Beier*, 490 F.3d 572, 574 (7th Cir. 2007)(the court may consider prior sexual abuse as a mitigating circumstance); *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2457, 168 L. Ed. 2d 203 (2007)(where court addressed defendant's mitigating factor there was no error in sentence imposed); *Id.*

Pitts is 28 years old. He was adopted as a baby by his mother, who had previously adopted Pitts' biological mother. His biological mother was a teenager when she delivered Pitts. Pitts grew up knowing her as his sister. She was in and out of his life due to her severe drug addiction. Pitts' mother confirms that her daughter (Pitts' biological mother) has had a "bad drug problem" for years, starting before Ryan was born.[1] Her addiction continues to the present and is so horrendous that Pitts' mother does not even know where his biological mother is.

The presentence report briefly discusses sexual abuse Pitts suffered as a child at the hands of his adoptive father. Pitts' father lived with him from the time Pitts was 2 years old until he was 12 years old. Pitts, young and vulnerable then, did not report this abuse until he was older. But Pitts' mother, looking in retrospect, is certain he was sexually abused. She feels horrible and "stupid" for not being able to see what was happening at the time. She said Pitts' father "got really mean" to her, and to Ryan as Ryan grew older. It was his meanness to Ryan that caused her to finally leave the marriage. Pitts' mother also learned that his paternal uncle—Ryan's father's younger brother—molested his own children for years and was incarcerated for this.[2] She said that during the uncle's court proceedings, he accused Ryan's father of molesting him as a child; no one

---

[1] The defense spoke with Pitts' mother most recently over the telephone on August 20, 2015. The quotations and comments about what she says are from this conversation.

[2] Defense counsel has been unable, on this short notice, to independently corroborate this information about Pitts' uncle.

believed him. Pitts' mother now shudders to think of what her son must have experienced as a child.

Pitts' mother recalls that, as a young child, he was curious and intelligent and persistent. He was a "wonderful little boy" and had a "brain like I've never seen before." When he was 2 years old, he asked her to teach him to read a map of Texas. He took to it immediately and studied the map. He was doing fourth grade math by the time he was 6 years old, and voraciously lapped up any new math concept he could learn. Pitts "was incredibly interested in music." As a little boy, he had a clumsy dog named Boots. One day he played a song on the piano for her that he entitled "Boots Running". Pitts' mother couldn't believe what she heard; the song sounded just like the dog running, and Pitts had composed it himself. Pitts composed other music. His mother hopes that, during his long incarceration term, he can go to college and study music and be allowed to be productive from prison.

Studies show that not all victims of child abuse become offenders as adults.[3] However, some victims do go on to be abusers as adults, and their perpetration is a result of their victimization.[4] Science does not yet have an answer for why some victims go on to become abusers later in life and some do not. Regardless, there is little doubt that being sexually abused as a child

---

[3] *Cycle of Sexual Abuse*, UNITED STATES GENERAL ACCOUNTING OFFICE, REPORT TO THE CHAIRMAN, SUBCOMMITTEE ON CRIME, COMMITTEE ON THE JUDICIARY, HOUSE OF REPRESENTATIVES, http://www.gao.gov/archive/1996/gg96178.pdf

[4] *Child Sexual Abuse Victims Becoming Abusers*, EZINEARTICLES.COM, http://ezinearticles.com/?Child-Sexual-Abuse-Victims-Becoming-Abusers:-The-Cycle-of-Sexual-Abuse&id=6084660 (last visited Aug. 20, 2015); *see also* Robert F. Anda et al., *The enduring effects of abuse and related adverse experiences in childhood*, Abstract, 256 Eur Arch Psychiatry Clin Neurosci. 174 (2006) http://www.ncbi.nlm.nih.gov/pmc/articles/PMC3232061/pdf/nihms340170.pdf; Martin H. Teicher et al.,*The neurobiological consequences of early stress and childhood maltreatment*, Abstract, 27 Neuroscience& Biobehavioral Rev. 33 (2003) http://www.sciencedirect.com/science/article/pii/S0149763403000071_; and Ashley F. Jespersen et al., *Sexual abuse history among adult sex offenders and non-sex offenders: A meta-analysis*, Abstract, 33 Child Abuse & Neglect 179 (2009) http://www.sciencedirect.com/science/article/pii/S0145213409000374.

is deeply traumatizing and psyche-altering.[5] A study conducted in the United Kingdom indicates that sexually victimized children who came from severely dysfunctional families are at a higher risk for becoming abusers as adults.[6]

In addition, research has shown that traumatic experiences have the ability to alter a child's developing brain structure.[7] Further, studies have documented that many convicted sexual offenders were at one time victims themselves.[8] While sexual abuse does not ensure that a child victim will become a perpetrator, it does increase the likelihood. Additionally, the longer you are in an abusive environment the more affected you will be.[9] The best treatment for this abuse is a strong support network; if a child has a strong support network, he or she has a much stronger

---

[5] *Impact on the physiology of the brain*, ASCA.ORG.AU, http://www.asca.org.au/About/Resources/Impact-on-the-physiology-of-the-brain.aspx (last visited Aug. 20, 2015); *see also* Laura G. Kirsch et al., *Sexual offending: Theory of problem, theory of change, and implications for treatment effectiveness*, Abstract, 11 Aggression & Violent Behavior 208 (2006) http://www.sciencedirect.com/science/article/pii/S1359178905000583.

*See also* Tony Ward et al., *An integrated theory of sexual offending*, Abstract, 11 Aggression & Violent Behavior 44 (2006) http://www.sciencedirect.com/science/article/pii/S1359178905000200.

[6] *Do Sexually Abused Kids Become Abusers*, WEBMD.COM, http://www.webmd.com/mental-health/news/20030206/do-sexually-abused-kids-become-abusers (last visited Aug. 20, 2015).

[7] Udo Dannlowski, et al., *Limbic Scars: Long-Term Consequences of Childhood Maltreatment Revealed by Functional and Structural Magnetic Resonance Imaging*, 71 BIOL. PSYCHIATRY 286, 290-291 (2011). (Childhood maltreatment can reduce hippocampal volumes, increase amygdala responsiveness to negative facial expressions, and reduce the medial prefrontal cortex, each of these structures plays a part in regulating anxiety, depression, and cognitive functioning); *see also* Jamie L. Hanson, et al., *Behavioral Problems After Early Life Stress: Contributions of the Hippocampus and Amygdala*, BIOL. PSYCHIATRY, (2014) *available at*, http://www.biologicalpsychiatryjournal.com/article/S0006-3223(14)00351-5/abstract. (smaller amygdalae were observed in children exposed to physical abuse and early neglect and smaller volumes of the hippocampus were observed in children exposed to physical abuse).

[8] United States Department of Justice, Bureau of Justice Statistics, "Sex Offences and Offenders: An Analysis of Data on Rape and Sexual Assault." February 1997. *Available at* http://www.bjs.gov/content/pub/pdf/SOO.PDF. (most recent study on sex offenders compiled by the Department of Justice shows that individuals convicted of sexual assault are more likely than any other inmate population to have been sexually abused as a child); *see also,* M. Glasser, et al., *Cycle of Child Sexual Abuse: Links Between Being a Victim and Becoming a Perpetrator*, BRIT. J. PSYCHIATRY (2001)(study which shows that out of 146 victims of child abuse 59% later became abusers themselves).

[9] Daniel S. Pine., *Developmental Psychobiology and Response to Threats: Relevance to Trauma in Children and Adolescents,* 53 SOC. BIO. PSYCHIATRY 796 (Review of literature 2003)*(*longer levels of traumatic exposure increase the risk for later adverse outcomes

change to work through trauma.[10] Pitts has a mother who loves him and supports him. However, he did not have a healthy father relationship, he never received counseling (because his mother did not know he needed it), and he was surrounded by drug addiction. The one person—his mother—with whom he had a close relationship had no idea until much later in life that he had suffered abuse.

The American Psychiatric Association (APA) indicates that individuals with (1) atypical sexual interests that "feel personal distress about their interests, not merely distress resulting from society's disapproval; (2) or have a sexual desire or behavior that involves another person's psychological distress, injury, or death, or a desire for sexual behaviors involving unwilling persons or persons unable to give legal consent have Paraphilic Disorder."[11] Pitts has not been formally diagnosed with any disorders. However, Pitts reports that he feels great distress because of what he did to these children. He has searched books and websites for help on understanding why he acted in this manner. When Pitts reads the summary of his conduct in the plea agreement he feels that he demonstrated no restraint, and he experiences pain. Pitts feels great remorse for his actions.

II.   *Sentences imposed in federal courts, state courts, and international jurisdictions for crimes under the same or related statutes demonstrate that a sentence of more than 30 years is grossly disproportionate.*

The Eight Amendment protects defendants against cruel and unusual punishments. U.S. Const. amend. VIII. "When confronted with an Eight Amendment challenge under the Cruel and

---

[10] *Id.* Social factors are the best predictors of differential risk among traumatized children. Children who have a good support network are going to recover from the trauma the best. *See also* Ann S. Masten et al., *Resilience and Development: Contributions from the study of children who overcome adversity,* Abstract, 2 Dev. and Psychopathology 425 (1990) http://journals.cambridge.org/action/displayAbstract?fromPage=online&aid=2490828&fileId=S0954579400005812.

[11] American Psychiatric Publishing, *Paraphilic Disorders Fact Sheet*, AMERICAN PSYCHIATRIC ASSOCIATION, http://www.dsm5.org/Documents/Paraphilic%20Disorders%20Fact%20Sheet.pdf (last visited Aug. 20, 2015).

Unusual Punishments Clause, an inquiring court is tasked to consider three criteria: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *United States v. Polk*, 546 F.3d 74, 76 (2008) (citing *Solem v. Helm*, 463 U.S. 277, 292 (1983)). The court is required to inquire into factors (ii) and (iii) if "the sentence imposed crosses the threshold erected by the first; that is…the sentence, on its face, is grossly disproportionate to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003).

A. *Federal courts and state courts have imposed a sentence of under 30 years for similar crimes, which demonstrates the extreme disproportionality Pitts faces based on his PSR.*

Statistics generated for the Fiscal Year 2014 by the United States Sentencing Commission show that the mean sentence imposed for crimes sentenced under USSG §2G2.1 (covering crimes of production of child pornography) was 321 months, with the median sentence at 262 months – far below the 2,160 months contemplated in this case.[12] Sentences imposed in Texas state courts for similar activity of production of indecent images or related conduct also demonstrate the extremely disproportionate nature of a sentence that is higher than 30 years. Texas Department of Criminal Justice's online statistics for offenses demonstrates that the average sentence in sexual offenses involving children, whether indecency by sexual contact or sexual performance of a child, is 10-20 years.[13] As an example, two defendants with similar offenses and offense conduct received sentences that ranged from 15 years to 30 years.[14]

---

[12] See United States Sentencing Commission, Interactive Sourcebook of Federal Sentencing Statistics, Table 13G (2013) http://isb.ussc.gov/content/pentaho-cdf/RenderXCDF?solution=Sourcebook&path=&action=table_xx.xcdf&template=mantle&table_num=Table13G (last visited August 19, 2015).

[13] *High Value Data Sets*, TEXAS DEPARTMENT OF CRIMINAL JUSTICE.GOV, http://tdcj.state.tx.us/documents/High_Value_Data_Sets.xlsx (last visited Aug. 20, 2015).

[14] Luis Soriano received a sentence of 15 years in 2012 for sexually abusing a 13-year old girl that is a member of his extended family. See http://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=06063058 (last

B. *Pitts requests that this Honorable Court consider his conduct in light of other child pornography production cases in the Fifth Circuit when determining a just and necessary sentence.*

Pitts admits that the conduct he engaged in warrants a long sentence. However, a sentence of over 360 months would be grossly disproportionate when compared to sentences of others in this jurisdiction. The type of extreme conduct meriting a sentence longer than 360 months was not present in this case.

For instance, in *United States v. Diehl*, the defendant engaged in "repeated sexual abuse of three victims between the ages of 3 and 10 years old for the purposes of making videos...." 775 F.3d 714, 725 (5th Cir. 2015). These videos "included scenes of the defendant having oral sexual contact with the minors, inducing the minors to engage in oral sexual contact with him, digital penetration, penile penetration, sodomy, lascivious exhibition of the genitals and pubic area of the minors and masturbation. In the video described by Count 6 of the indictment, Diehl grabs the head of a 3-year old child and ejaculates inside her mouth." *Id.* Diehl received a sentence of 600-months (50 years).

In *Gladney*, the defendant exploited four minors. One of those victims indicated that the defendant "sexually assaulted him from the time he was nine years old until he was 17." *Gladney v. United States*, 2014 WL 7342045, *1 (S.D. Tex. Dec. 23, 2014). That victim was the defendant's nephew. Further, evidence showed that the defendant "was selling $15 CDs containing videos of Gladney, DMG, and three other children engaging in oral and anal sex…." *Id.* Gladney received a sentence of 720 months (60 years).

---

visited August 20. 2015). Kevin Jason Lee "exposed himself to young children in his care and touched one of them sexually … while he worked at the Early Learning Center, a childcare facility at Buda Elementary School. Prior his arrest he worked as a teacher's aide for seven years. Lee received a sentence of 30 years for four counts of aggravated sexual assault of a child and continued sexual abuse of a child. See http://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=06853726; for a news article concerning both cases, see *Kyle Men Indicted On Sex Charges*, The Hays Free Press of Buda, Texas, found at http://www.smalltownnews.com/article.php?aid=67420&pub=&catid=&catname= (last visited August 20, 2015).

In *Sudduth*, the defendant, a schoolteacher, took picture of multiple girls exposing their genitalia. Upon being indicted in the United States for an offense relating to his conduct of taking pictures of children and on pre-trial release, he went overseas to continue taking pictures of young girls. He received a sentence of 321 months (26 and a half years). *United States v. Sudduth*, No. 4:10-CR-00624 (S.D. Tex. Dec. 17, 2013).

In *United States v. Church*, the Government originally charged the defendant with 24 counts of production of child pornography and 24 counts of using a facility in interstate commerce to attempt to entice a minor to engage in criminal sexual action. He pleaded to four counts of "production of child pornography and four counts of using a facility in interstate commerce to attempt to coerce a minor to engage in criminal sexual acts. The eight counts that he pleaded to involved eight separate minor victims. "In total the defendant caused over 50 minor boys … to create explicit images of themselves and send them to him over the Internet and via text message." Brief for Appellee at *7, *United States v. Church*, 517 F. App'x. 238 (5th Cir. 2013) (No. 2:11-CR-109), 2012 WL 5464267. Church received a sentence of 293 months (24 years).

Pitts does not seek to minimize the nature of his conduct. However, his conduct does not approach the level of gravity in these cases. In most of the images and videos, the children are unaware of the sexual nature of the images. In some images, the child in the image is not exposed. Pitts did not expose himself to the children. He did not generate the images for financial gain. The images produced depict no penetration, no bondage, and no sadomasochism. Pitts truthfully admitted to this offense to the police and he did not attempt to blame anyone else for the conduct.

C. *International norms of sentencing in child pornography show how grossly disproportionate the sentence is if he is sentenced to more than 30 years.*

The sentences in the United States involving child pornography production are significantly high. For instance, it appears that if Pitts were in Italy he could receive a sentence of 6 to 12 years

under the Italian Penal Code.[15] In Finland, production of child pornography is punishable by a fine or two years of imprisonment.[16] In the Netherlands, production of child pornography is punishable by up to 6 to 12 years in prison.[17] In the United Kingdom, child pornography production is punished by 6 months to 10 years imprisonment.[18] It is clear from the data that the sentences in the United States, even sentences at the statutory mandatory minimums (in this case 15 years), are far greater than sentences imposed in countries that are culturally, economically, and politically similar to the United States. A sentence in excess of a 360 months in this case would be "cruel and unusual punishment" when compared with these peer nations.

## CONCLUSION

In 30 years, Ryan Pitts will be 58 years old. In 40 years, he will be 68 years old. In 60 years, he will be 88 years old if he is alive. A sentence of 360 months—30 years—is sufficient, but not greater than necessary, to punish Ryan Pitts for what he did.

---

[15] Global Monitoring: status of action against commercial sexual exploitation of children: Italy (2011), ECPAT. Available at www.ecpat.net/EI/EI_publications.asp.

[16] THE CRIMINAL CODE OF FINLAND, Unofficial translation, Ministry of Justice, Finland https://www.finlex.fi/en/laki/kaannokset/1889/en18890039.pdf (last visited Aug. 20, 2015).

[17] *Child Pornography: First report of the Dutch National Rapporteur,* 187, www.dutchrapporteur.nl/images/child-pornography_tcm64-426462.pdf (last visited Aug. 20, 2015).

[18] Protection of Children Act 1978, c. 37 (Eng.), http://www.legislation.gov.uk/ukpga/1978/37/body.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ MOLLY LIZBETH ROTH
Assistant Federal Public Defender
Western District of Texas
727 East César E. Chávez Blvd., B–207
San Antonio, Texas 78206–1205
(210) 472-6700
(210) 472-4454 (Fax)
State Bar Number: 24040140

*Attorney for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2015, I electronically filed the foregoing Defendant's Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tracy Thompson
Assistant United States Attorney
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216

_____
 /s/ MOLLY LIZBETH ROTH